GíastoN, J.
 

 In- the month of September, 1838, the late Josiah C. Blount executed unto the plaintiff his deed, whereby, in: consideration of many good causes him thereunto moving, and of the sum of ten dollars to him in hand paid by the plaintiff, he bargained, sold and conveyed to the plaintiff certain negroes, all his horses, mules, hogs and cattle, household and kitchen furniture, crop and provisions, to hava and to hold upon the following trusts, that is to say, that the plaintiff should, so soon as conveniently might be done, sell so much of the said property as might be necessary to pay his, the bargainor’s, debts, and hold the balance and apply the profits thereof to the support of the bargainor and his family during his life, and after his death, to convey whatever might remain of the said property in equal proportion to his wife
 
 *193
 
 Nancy Blount, and to such child or children of the or, as might be living at his death. At the time of the execution of this deed, the bargainor had one child living; this child soon thereafter died; and afterwards, on the 26th of October in the same year, the bargainor executed another deed to the plaintiff, whereby, in consideration of ten dollars to him in hand paid by the plaintiff, and of other good causes him thereunto moving, he conveyed (or declared that he conveyed) the same property, to have and to hold upon the following trusts, that is to say, so soon as could conveniently be done, to make sale of so much of the said property as might be necessary for the payment of his debts, and to hold the remaining property during the joint lives of the bargain* or and his wife, and apply the profits to the support of the bargainor and his family, and, after the death of his said wife, during the bargainor’s life, to apply the profits to the support of the bargainor, and after his death for the use of his legal personal representatives, or such other person as he should by his last will and testament direct. Both the deeds were duly proved and registered, but the last executed deed was first registered. Josiah C. Blount died in January 1839, intestate, leaving his said wife surviving, but leaving no child. The plaintiff was duly appointed administrator, and has filed this bill, to which he has made the widow and the next of kin of his intestate parties defendants, in order to obtain the directions of the court how he is to apply the property contained in the above deeds, after payment of the debts of the intestate.
 

 It is plain that the registration of the deed of October, before the deed of September, has no effect upon the operation of the instruments. The registration of a deed, by law required to be registered, is, in general, but a perfecting ceremony, which, when performed, relates back to the execution of the deed, and gives it effect from that time. There is indeed a remarkable exception in the case of mortgages and deeds of trust. By the act of 1829, c. 20, re-enacted in the Revised Statutes, ch. 37, sec. 24, no deed of trust or mortgage of real or personal estate shall be valid to pass property
 
 as against creditors or purchasers
 
 for a valuable consid-
 
 *194
 
 from the donor, mortgagor or bargainor, but from the registration of such deed. The present case evidently does not fall within this act.
 

 Both the deeds are post-nuptial settlements, and each may be regarded as voluntary, so far as the present parties are concerned, and, as between them, entitled to its proper operation. Now, no power having been reserved in the first deed to revoke the trusts therein declared, the whole question turns upon the construction of- that deed. The next of kin insist that the ultimate limitation in it must be understood as a limitation of
 
 one moiety
 
 to the wife, and the other moiety to the child or children of the bargainor, living at his death. But this cannot be, without departing-from the obvious meaning of the terms used-; The trustee, after the death of the bargainor, is to convey Whatever may remain “in equal proportion to my wife, Nancy Blount, and to such child or children of Josiah C. Blount, as may be living at the death of the said Josiah C. Blount.” The wife, and such child or children of the said Blount as may be living at- his death, are the persons to whom the conveyance
 
 is to
 
 be made, and it is to be made “in equal proportions,” that is to say, each of these designated objects of his bounty is to receive an equal part. It cannot be doubted that, if two or more of his children had survived, each would have been entitled to share equally with the widow. The birth of another child, or of more children, would lessen her part — the death of any of them increases it. As the trustee is ordered to convey to her,
 
 and
 
 to such child or children as may be living at the death of the settler, and there are none such, she becomes, upon that event, the sole object of the settler’s bounty, and is entitled to all that remains after payment of his debts.
 

 Per Curiam. Declared
 
 accordingly.